IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RANDAL B. MCCOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:22-CV-398-MHT-SMD |
| | ) | [WO] |
| CALHOUN CTY. JAIL MED. ADMIN., | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se prisoner, Randal B. McCoy filed a complaint under 42 U.S.C. § 1983. (Doc. 1). As discussed below, the complaint should be dismissed for improper venue.

The crux of the complaint is that unnamed medical providers at the Calhoun County Jail ("Jail") failed to treat Plaintiff's right leg and knee injuries, which worsened his infection and caused him severe pain. *See id.* at 1–2. Plaintiff adds that unspecified officials transferred him to another county jail to "cover [the Jail] of the fact [Plaintiff] informed them repeated times of [the] leg and knee injury . . . to no avail." *Id.* at 3. Plaintiff asserts § 1983 claims for medical deliberate indifference and retaliatory transfer and a state-law claim for medical malpractice. *See id.* 1–3. Plaintiff seeks damages and injunctive relief. *Id.* at 2. "Calhoun County Jail Medical Admin" is the sole named Defendant. *Id.* at 1.

Venue for actions under § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

A civil action may be brought in—

    (1)    a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or]
    (2)    a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.] . . .

Calhoun County is located in the Northern District of Alabama, *see* 28 U.S.C. § 81(a)(4), and the alleged acts and omissions giving rise to Plaintiff's claims occurred there. *See id.*; *see also* Doc. 1 at 1–3. Therefore, under § 1391(b)(1)–(2), venue is proper in only the Northern District of Alabama.

The Court has discretion to transfer the case to "any district or division in which it could have been brought." 42 U.S.C. § 1406(a); *see also Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006) (per curiam). However, because the complaint is deficient, the Court should decline to transfer the case to the Northern District of Alabama.

"[B]ecause fictitious-party pleading generally is not permitted in federal court, the plaintiff must specifically identify the parties he is suing, if not by name then by providing a description of each individual that is sufficiently clear and detailed to permit service of process." *DiPietro v. Med. Staff at Fulton Cnty. Jail*, 805 F. App'x 793, 795 (11th Cir. 2020) (citations omitted).

Here, Plaintiff sues "Calhoun County Jail Medical Admin." Doc. 1 at 1. Although Plaintiff alleges that various individuals provided inadequate medical care and transferred him retaliatorily, he does not describe them in enough detail to serve them. *See id.* at 1–3. Although Plaintiff specifically identifies Nurse Heather Clay, *id.* at 1, he does not name her as a defendant. Moreover, Plaintiff alleges only that Nurse Clay told him she had his medical records and would "place [him] on the list to see the doctor." *Id.* Absent more factual support, this isolated allegation is insufficient to state a facially plausible medical deliberate indifference claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In short, because the complaint is deficient, transferring the case to the Northern District of Alabama would not "be in the interest of justice." *See* 28 U.S.C. § 1406(a).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. This case be DISMISSED for improper venue. The order of dismissal should specify that the dismissal qualifies as a "strike" under 28 U.S.C. § 1915(g) because Plaintiff's assertion of jurisdiction in this District is frivolous.[1] [2]

2. This case be CLOSED.

The Clerk is DIRECTED to send Plaintiff a copy of this Recommendation. It is further

ORDERED that **on or before August 16, 2022,** Plaintiff may file an objection to this Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

---

[1] *See Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283–84 (11th Cir. 2016) (stating that dismissal for frivolity may count as strike if "dismissing court [makes] some express statement to that effect").

[2] Generally, district courts must give the plaintiff notice and an opportunity to respond before *sua sponte* dismissing a case for improper venue. *Algodonera De Las Cabezas, S.A. v. Am. Suisse Capital, Inc.*, 432 F.3d 1343, 1345 (11th Cir. 2005). This general requirement does not apply here because the assertion of venue is frivolous. *Cf. Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011); *Ford v. Bradt*, 71 F. Supp. 3d 364, 367 (W.D.N.Y. 2014). In any event, this Recommendation, and the opportunity to file objections, would provide the necessary notice and opportunity to respond. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020); *Manzini v. The Fla. Bar*, 511 F. App'x 978, 983 (11th Cir. 2013) (per curiam).

Done, this 2nd day of August, 2022.

                                  /s/   Stephen M. Doyle
                                STEPHEN M. DOYLE
                                CHIEF UNITED STATES MAGISTRATE JUDGE